IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-614

 No. COA20-699

 Filed 16 November 2021

 Wake County, Nos. 14 CVD 10425, 18 CVD 764

 LISA JACKSON, Plaintiff,

 v.

 SAMUEL L. JACKSON, Defendant.

 Appeal by defendant from order and judgment entered 10 December 2019 by

 Judge Christine Walczyk in Wake County District Court. Heard in the Court of

 Appeals 24 August 2021.

 Fox Rothschild LLP, by Michelle D. Connell and Kip D. Nelson, for plaintiff-
 appellee.

 Sandlin Family Law Group, by Deborah Sandlin, for defendant-appellant.

 GORE, Judge.

¶1 Samuel L. Jackson (“defendant”) appeals from an order in which the trial court

 established child support at the contractual amount set forth in the parties’

 separation agreement, and ordered defendant pay $21,505 in damages and $5,000 in

 attorney fees. Defendant argues that (1) the trial court erred in awarding child

 support to Lisa Jackson (“plaintiff”); (2) the trial court erred in awarding damages to

 plaintiff because the parties’ contractual obligations had terminated; (3) the trial

 court erred in awarding attorney fees to plaintiff and not to defendant; and (4) the
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 trial court erred by imputing income to defendant. We affirm in part, vacate in part,

 and remand.

 I. Background

¶2 Plaintiff and defendant married in 1992, and three children were born to the

 marriage.1 On 17 May 2013, plaintiff and defendant separated and were subsequently

 divorced. In October 2013, the parties executed a separation agreement and property

 settlement (“separation agreement”), which resolved, inter alia, issues of child

 custody, child support, and attorneys’ fees. The parties agreed to share equal physical

 and legal custody of the minor children. In the separation agreement, the parties

 agreed that defendant would pay plaintiff $1,150 per month in child support. The

 parties agreed that the child support payments shall terminate on the first occurrence

 of:

 (1) The parties’ youngest living child reaches the age of 18
 or graduates from high school or its equivalent, whichever
 occurs last, so long as satisfactory progress towards
 graduation is being made, but no later than age 20;
 (2) Emancipation of the children;
 (3) Death of the children;
 (4) Death of [defendant]; or
 (5) A court of competent jurisdiction enters a court order
 modifying or terminating child support.

 1 At the time of separation all three marital children were minors. However, at the time this

 action was commenced only one marital child remained a minor.
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 The parties further agreed that if either party shall be required to bring a civil action

 to obtain performance of the separation agreement, the prevailing party shall be

 entitled to indemnification by the other party for reasonable attorneys’ fees. The

 separation agreement was never incorporated into a court order.

¶3 In the summer of 2016, plaintiff moved from Raleigh, North Carolina to

 Wilmington, North Carolina to live with her fiancé. At this time, the parties’ oldest

 child had reached the age of majority. The parties’ second child moved to Wilmington

 with plaintiff while their youngest child remained in Raleigh with defendant.

¶4 On 15 June 2017, defendant filed a motion in the cause for child support

 alleging plaintiff owed a duty of child support to defendant, because at the time the

 parties’ only remaining minor child was living solely with defendant. Defendant

 requested the trial court award temporary and permanent child support pursuant to

 the North Carolina Child Support Guidelines, terminate the child support obligations

 contained in the separation agreement, and award defendant reasonable attorneys’

 fees. On 19 January 2018, plaintiff filed a complaint alleging defendant breached the

 parties’ contract by unilaterally lowering, and subsequently ceasing, child support

 payments. Plaintiff sought specific performance of child support arrearages and

 reasonable attorneys’ fees. Plaintiff also requested the trial court consolidate

 defendant’s and plaintiff’s actions.
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

¶5 In August of 2018, the parties’ youngest daughter moved to Wilmington to live

 with plaintiff. On 12 September 2018, defendant voluntarily dismissed his motion for

 temporary child support, but not his action for permanent child support. On 2

 January 2019, defendant filed his answer to plaintiff’s complaint asserting the

 affirmative defense that the child support obligation under the separation agreement

 should terminate upon the trial court entering an order in defendant’s action.

¶6 A hearing was held on 22 April 2019. On 17 September 2019, the Honorable

 Judge Walczyk sent an email to the parties with a written rendering of her ruling but

 had yet to enter an order in the matter. On 30 October 2019, following the hearing

 but before the trial court entered its order, plaintiff filed a motion requesting the trial

 court enter a temporary restraining order and preliminary injunction against

 defendant to hold in trust the funds from property sales by defendant, because

 defendant had previously informed plaintiff of his intent to appeal the trial court’s

 order in her favor. Defendant objected to plaintiff’s motion. The trial court denied

 plaintiff’s motion as insufficient to warrant the entry of a temporary restraining order

 and preliminary injunction.

¶7 On 10 December 2019, the trial court entered an order establishing child

 support in favor of plaintiff in the amount of $1,150 per month, the contractual

 amount. The trial court concluded plaintiff was not entitled to specific performance

 but awarded plaintiff $21,505 in damages for defendant’s breach of contract and
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 awarded plaintiff $5,000 in attorneys’ fees. On 13 January 2020, defendant gave

 timely notice of appeal from the trial court’s 10 December 2019 order.

 II. Standard of Review

¶8 “Our review of a child support order is limited to determining whether the trial

 court abused its discretion.” Brind’Amour v. Brind’Amour, 196 N.C. App. 322, 327,

 674 S.E.2d 448, 452 (2009). “Under this standard of review, the trial court’s ruling

 will be overturned only upon a showing that it was so arbitrary that it could not have

 been the result of a reasoned decision.” Roberts v. McAllister, 174 N.C. App. 369, 374,

 621 S.E.2d 191, 195 (2005) (citation omitted). “The trial court must, however, make

 sufficient findings of fact and conclusions of law to allow the reviewing court to

 determine whether a judgment, and the legal conclusions that underlie it, represent

 a correct application of the law.” Id. (citation omitted).

 III. Child Support

¶9 “A separation agreement is a contract between the parties and the court is

 without power to modify it except (1) to provide for adequate support for minor

 children, and (2) with the mutual consent of the parties thereto where rights of third

 parties have not intervened.” McKaughn v. McKaughn, 29 N.C. App. 702, 705, 225

 S.E.2d 616, 618 (1976) (citation omitted). “[W]here parties to a separation agreement

 agree upon the amount for the support and maintenance of their minor children,

 there is a presumption in the absence of evidence to the contrary, that the amount
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 mutually agreed upon is just and reasonable.” Fuchs v. Fuchs, 260 N.C. 635, 639, 133

 S.E.2d 487, 491 (1963). A party seeking an initial judicial determination of child

 support, where the parties have previously executed an unincorporated separation

 agreement, must “show the amount of support necessary to meet the reasonable

 needs of the children at the time of the hearing.” Boyd v. Boyd, 81 N.C. App. 71, 76,

 343 S.E.2d 581, 585 (1986). The trial court will not alter the amount of child support

 contractually agreed upon by the parties, unless the amount necessary to meet the

 reasonable needs of the child substantially differs from the agreed upon amount. Id.

¶ 10 This Court in Pataky v. Pataky laid out the step-by-step process a trial court

 must take when analyzing a claim for child support, where the parties previously

 entered into an unincorporated separation agreement:

 [T]he court should first apply a rebuttable presumption
 that the amount in the agreement is reasonable and,
 therefore, that application of the guidelines would be
 “inappropriate.” The court should determine the actual
 needs of the child at the time of the hearing, as compared
 to the provisions of the separation agreement. If the
 presumption of reasonableness is not rebutted, the court
 should enter an order in the separation agreement amount
 and make a finding that application of the guidelines would
 be inappropriate. If, however, the court determines by the
 greater weight of the evidence, that the presumption of
 reasonableness afforded the separation agreement
 allowance has been rebutted, taking into account the needs
 of the child existing at the time of the hearing and
 considering the factors enumerated in the first sentence of
 G.S. § 50-13.4(c), the court then looks to the presumptive
 guidelines established through operation of G.S. § 50-
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 13.4(c1) and the court may nonetheless deviate if, upon
 motion of either party or by the court sua sponte, it
 determines application of the guidelines “would not meet
 or would exceed the needs of the child . . . or would be
 otherwise unjust or inappropriate.”

 Pataky v. Pataky, 160 N.C. App. 289, 305, 585 S.E.2d 404, 414-15 (2003), aff’d per

 curiam, 359 N.C. 65, 602 S.E.2d 360 (2004).

¶ 11 Defendant first contends that the trial court erred by applying the Pataky

 presumption because his child support obligation under the unincorporated

 separation agreement terminated when he became the custodial parent for the

 parties only minor child. Defendant similarly argues that because the child support

 provisions terminated, the trial court erred by awarding plaintiff damages.

¶ 12 Defendant argues Rustad v. Rustad, 68 N.C. App. 58, 314 S.E.2d 275, disc. rev.

 denied, 311 N.C. 763, 321 S.E.2d 145 (1984), stands for the proposition that a change

 in custody of a minor child, in violation of the child custody provisions of the

 separation agreement, automatically terminates child support obligations under a

 separation agreement. However, defendant has an overly broad view of Rustad. The

 separation agreement in Rustad contemplated what would happen if custody of the

 minor children changed. In contrast, the separation agreement in the present matter

 did not contemplate the effect a possible violation or an agreed upon change in

 custody would have on child support. While the separation agreement did enumerate

 five specific events that would terminate child support, a change in custody of the
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 minor children was not included on this list. The facts of the present case are not

 analogous to the facts of Rustad, and therefore, Rustad does not control.

¶ 13 The separation agreement at issue here provides specific events that would

 terminate child support. Those events are:

 (1) The parties’ youngest living child reaches the age of 18
 or graduates from high school or its equivalent, whichever
 occurs last, so long as satisfactory progress towards
 graduation is being made, but no later than age 20;
 (2) Emancipation of the children;
 (3) Death of the children;
 (4) Death of [defendant]; or
 (5) A court of competent jurisdiction enters a court order
 modifying or terminating child support.

 At the time defendant filed his action, the parties’ youngest child had yet to reach the

 age of majority and was still enrolled in high school. The order entered by the trial

 court established child support at the contractual amount under the separation

 agreement, which does not constitute a modification or termination of child support.

 Contract principles govern an unincorporated separation agreement. See McKaughn,

 29 N.C. App. at 705, 225 S.E.2d at 618. Thus, the only events that could terminate

 the child support obligation in the present case are those enumerated in the

 separation agreement, and the parties are subject to damages for breach of contract

 if they violate the terms of the separation agreement.

¶ 14 Further, the separation agreement included a clause stating, “It is the

 intention and agreement of the parties that each provision of this Agreement is
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 separate and independent from each other provision contained herein.” Thus, any

 breach by plaintiff of the child custody provisions of the separation agreement, by

 moving to Wilmington with the parties’ middle minor child and leaving their youngest

 child in the sole care of defendant, would have no effect on the status of the separation

 agreement’s child support provisions. As a result, we conclude the separation

 agreement remained in force and the trial court did not err by finding as such and

 applying the Pataky presumption of reasonableness to the separation agreement nor

 by awarding damages for breach of the contract.

¶ 15 Defendant next argues that if we find the Pataky presumption applied to the

 separation agreement, the presumption was rebutted. If the amount necessary to

 meet the needs of the child, at the time of the hearing, “substantially exceeds” the

 amount of child support provided for in the separation agreement, then the

 presumption that the amount provided in the separation agreement is reasonable is

 rebutted. Pataky, 160 N.C. App. at 301, 585 S.E.2d at 412; Boyd, 81 N.C. App. at 76,

 343 S.E.2d at 585 (1986).

¶ 16 “In order to determine the reasonable needs of the child, the trial court must

 hear evidence and make findings of specific fact on the child’s actual past

 expenditures and present reasonable expenses.” Atwell v. Atwell, 74 N.C. App. 231,

 236, 328 S.E.2d 47, 50 (1985) (emphasis added). “[F]actual findings must be

 supported by evidence, and not based on speculation.” Id. at 236-37, 328 S.E.2d at 51.
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 The trial court may not estimate what portion of household expenses are attributable

 to the minor child, without evidence supporting the attribution. See id. at 236, 328

 S.E.2d at 51. The trial court must consider competent evidence of the minor child’s

 yearly expenses incurred by both parents, even if the child lived with each parent at

 different times throughout the year, to determine the minor child’s reasonable needs

 fully and accurately. Id.

¶ 17 The trial court’s findings of fact as to the reasonable needs of the child are as

 follows:

 33. The Defendant is currently paying health insurance
 premiums for himself and the children. He pays a total of
 $251.11 per month in health, dental and vision premiums.
 A portion of this amount is for the Defendant. The Court
 finds that the Defendant is paying $83.70 in premiums for
 Ella each month.
 ...
 44. The Plaintiff is engaged to Scott Diggs. The Plaintiff
 shares expenses with her fiancé. She pays for groceries and
 the children’s expenses, but her fiancé pays the mortgage
 and expenses associated with the residence.
 ...
 58. The Plaintiff went through all of her bank statements
 and credit card statements for 2017, 2018, and 2019 and
 cross-referenced those expenses with the times that she
 had Ella in her care.
 59. The Plaintiff testified that she incurred expenses on
 behalf of both children (Grace and Ella) in the amount of
 $35,726.77 in 2017. This includes expenses for Plaintiff’s
 home and utilities, the adult child Grace, and the Plaintiff’s
 legal costs relating to child support. After excluding
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

expenses relating to Grace and legal costs, the Court finds
that the actual amount of reasonable expenses incurred by
Plaintiff for Ella, in 2017, was $13,080.00 or $1,090.00 per
month.
60. The Plaintiff testified that she incurred expenses on
behalf of both children in the amount of $36,339.31 in 2018.
This includes expenses for Plaintiff’s home and utilities,
the adult child Grace, and the Plaintiff’s legal costs relating
to child support. The Court finds that the Plaintiff actually
incurred reasonable expenses for Ella, in 2018, in the
amount of $9,495.00 or $791.00 per month.
61. Although Plaintiff failed to provide expenses paid after
January 2019, the Plaintiff incurred costs relating to the
child including for groceries and eating out, personal care,
and driver’s education ($385.00). The Plaintiff uses her car,
with a $677.00 per month lease payment, to transport Ella
to events and school.
...
64. The Defendant incurred tuition payments on behalf of
Ella in 2017 in the amount of $7,325.00. The parties are no
longer paying for Ravenscroft in Wake County.
65. In 2017, Ella was living primarily with Defendant and
he was also incurring food expenses, health care premium
expenses, and unreimbursed medical expenses. . . .
66. According to the Defendant’s Financial Affidavit, he is
currently incurring costs on behalf of the “children”
including health care premiums, uninsured medical
expenses, entertainment, allowances, eating out, etc. The
Defendant listed $2,553.98 in expenses per month for the
children’s individual monthly expenses.
67. The Court recognizes that Ella has not stayed with the
Defendant more than twice since January 2019 and many
of the expenses are not actually being incurred by Plaintiff
in 2019. It is important to note, however, that even if only
half of these individual expenses are for Ella, that the
Defendant is acknowledging that her care requires at least
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 $1,276.99 per month. This does not include regular
 [re]curring expenses such as housing, utilities, and
 transportation, etc.

 The evidence presented at the 22 April 2019 hearing as to the reasonable needs of the

 minor child included bank and credit card statements by plaintiff, as well as a

 financial affidavit, a record of payments for the children’s expenses, health insurance

 costs, bank statements, and credit card statements by defendant. Both parties

 testified as to the minor child’s expenses at the hearing. Further, plaintiff provided

 the trial court with notes regarding children’s expenses, but because these notes were

 partly based on evidence not presented at the hearing, the exhibit was admitted for

 illustrative purposes only and not as substantive evidence.

¶ 18 We conclude that the trial court’s findings of fact as to the minor child’s

 reasonable needs at best made findings as to the minor child’s past expenditures but

 did not make a finding of her reasonable present expenses. Finding of fact 61 states,

 Although Plaintiff failed to provide expenses paid after
 January 2019, the Plaintiff incurred costs relating to the
 child including for groceries and eating out, personal care,
 and driver’s education ($385.00). The Plaintiff uses her car,
 with a $677.00 per month lease payment, to transport [the
 minor child] to events and school.

 This finding of fact establishes that any findings as to the minor child’s reasonable

 expenses at the time of the hearing in April 2019 was not supported by evidence. The

 trial court previously indicated in its findings of fact that the minor child lived with
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 plaintiff full-time beginning in 2018. Further, finding of fact 61 establishes that

 plaintiff failed to provide any evidence of expenses incurred after January 2019, thus

 plaintiff provided no evidence as to the minor child’s current reasonable expenses at

 the time of the hearing.

¶ 19 The trial court’s findings as to the minor child’s past expenses, as incurred by

 the plaintiff, are also insufficient. For both 2017 and 2018 the trial court made

 findings as to plaintiff’s total expenses for each year and then found the minor child’s

 expenses for each year “[a]fter excluding expenses relating to [the parties’ adult child]

 and legal costs. . . .” However, these findings do not show this Court that the trial

 court made findings to the minor child’s expenses in 2017 and 2018 based on

 competent evidence and not speculation. The substantive evidence of expenses offered

 by plaintiff included bank and credit card statements. While these exhibits show how

 much money was spent by plaintiff, they do not provide information on what

 proportion of that money was spent to cover the minor child’s expenses. The only

 evidence offered by plaintiff that delineated what costs were incurred specifically for

 the minor child was Exhibit 13, “notes regarding the children’s expenses.” However,

 Exhibit 13 was only admitted for illustrative purposes, thus the trial court could not

 have relied on this exhibit to determine how much of plaintiff’s total expenses for

 2017 and 2018 were for the minor child’s needs. Because a trial court may not

 speculate as to what the minor child’s expenses were and may not estimate what
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 portion of household expenses are attributable to the minor child, without evidence

 supporting the attribution, the trial court’s findings of the minor child’s expenses paid

 by plaintiff in 2017 and 2018 are insufficient without further evidence. See Atwell, 74

 N.C. App. at 236-37, 328 S.E.2d at 51.

¶ 20 The trial court’s factual findings regarding defendant’s expenses for the minor

 child are also insufficient to establish the minor child’s reasonable expenses at the

 time of the trial. The trial court found that despite the fact the minor child “has not

 stayed with Defendant more than twice since January 2019” defendant’s financial

 affidavit “acknowledg[es] that her care requires at least $1,276.99 per month.” This

 finding suffers the inherent flaw that if in 2019 the minor child is not living with

 defendant for more than brief visits, as the record shows, defendant’s financials

 cannot serve as “competent evidence” to support a finding of the minor child’s present

 expenses at the time of the hearing.

¶ 21 The trial court’s findings of fact as to the minor child’s reasonable needs at the

 time of the hearing were not supported by competent evidence and, therefore, were

 insufficient. Thus, the trial court’s conclusion that the contractual child support

 amount was sufficient to meet the minor child’s needs and that the Pataky

 presumption had been rebutted were insufficient as a matter of law. See Thomas v.

 Thomas, 233 N.C. App. 736, 738, 757 S.E.2d 375, 378 (2014) (“The trial court’s

 conclusions of law must be supported by adequate findings of fact.”). We remand this
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 issue to the trial court for further findings of fact as to the reasonable needs of the

 minor child and reconsideration of the Pataky presumption.

 IV. Attorney’s Fees

¶ 22 Defendant argues the trial court erred in awarding attorney’s fees to plaintiff

 because it could not be found that defendant breached the contract after the child

 support provision terminated, therefore, plaintiff was not entitled to attorney’s fees

 under the separation agreement. Further, defendant argues that the trial court erred

 in denying his claim for attorney’s fees, because he was statutorily entitled to child

 support and therefore, also entitled to attorney’s fees under the separation

 agreement. Notably, defendant is not arguing that the amount of attorney’s fees

 awarded was not reasonable, as a result, we only analyze and discuss the award of

 attorney’s fees and not the reasonableness of the amount awarded.

¶ 23 As discussed above, the child support provision in the parties’ separation

 agreement did not terminate and remained in force. Thus, the issue of who is entitled

 to attorney’s fees under the separation agreement is a matter of contract

 interpretation. “[Q]uestions of contract interpretation are reviewed as a matter of law

 and the standard of review is de novo.” Price & Price Mech. of N.C., Inc. v. Miken

 Corp., 191 N.C. App. 177, 179, 661 S.E.2d 775, 777 (2008).

¶ 24 The attorney’s fees provision in the separation agreement provides,

 In the event that [either party] shall be required to bring a
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 civil action against the other to obtain any performance by
 the other of this Agreement, then the party bringing such
 lawsuit shall be indemnified and shall be entitled to receive
 from the other such reasonable attorney’s fees in respect to
 the action filed as shall be fixed by the Court in the event
 that the party shall prevail and the action terminated in
 the moving party’s favor. The party who prevails shall be
 indemnified by the other for attorney’s fees and court costs
 he or she incurred in bringing or defending of a lawsuit as
 set forth herein. If such civil action is determined adversely
 to the moving party, the defending party shall be entitled
 to receive from the moving party such reasonable
 attorney’s fees in respect to defending such action as shall
 be fixed by the Court.

 Under the separation agreement, the prevailing party in a civil action is entitled to

 attorney’s fees. In the instant matter, plaintiff was the prevailing party at the trial

 court, and as discussed above the trial court properly awarded her damages for breach

 of contract. Thus, the trial court did not err by awarding plaintiff reasonable

 attorney’s fees in accordance with the separation agreement.

¶ 25 Defendant also contends that he was entitled to attorney’s fees, pursuant to

 N.C. Gen. Stat. § 50-13.6 and the parties’ agreement. Under the separation

 agreement, defendant would only be entitled to attorney’s fees if he were the

 prevailing party in a civil action “to obtain any performance by [plaintiff] of this

 Agreement . . . .” Here, defendant was not the prevailing party in plaintiff’s action,

 because plaintiff was entitled to damages for defendant’s breach of the separation

 agreement, and defendant’s action was brought to obtain a modification in the
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 separation agreement, not to enforce any provisions of the separation agreement.

 Thus, defendant is not entitled to attorney’s fees under the separation agreement.

¶ 26 Under the statute, in child custody or support proceedings, “the court may in

 its discretion order payment of reasonable attorney’s fees to an interested party

 acting in good faith who has insufficient means to defray the expense of the suit.”

 N.C. Gen. Stat. § 50-13.6 (2019). “The court’s discretion in disallowing attorneys’ fees

 is limited only by the abuse of discretion rule.” Puett v. Puett, 75 N.C. App. 554, 558-

 59, 331 S.E.2d 287, 291 (1985) (citation omitted). We find no abuse of discretion in

 the present case.

¶ 27 Thus, the trial court did not err in finding defendant was not entitled to

 attorney’s fees.

 V. Determination of Income

¶ 28 Defendant’s final argument is that the trial court erred in making finding of

 fact 30, because the trial court imputed income to defendant, and finding of fact 48,

 because it is not based on competent evidence.

¶ 29 “Normally, a party’s ability to pay child support is determined by that party’s

 income at the time the award is made.” Pataky, 160 N.C. App. at 306, 585 S.E.2d at

 415 (cleaned up). A finding of a party’s income may be based only on their actual

 income at the time of the hearing; projected earnings may not be considered. Atwell,

 74 N.C. App. at 235, 328 S.E.2d at 50. Here, finding of fact 30 states,
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 Defendant currently works at Charter Communications
 (Spectrum). His base salary is $58,000 per year. Although,
 the Defendant hopes to earn more in the future, with
 commissions and bonuses, the Court finds Defendant is
 currently earning $71,000 annually or $5,916.00 per
 month.

 Evidence offered by defendant indicate that his base salary is $58,000 per year and

 that he expects to earn commissions but has yet to earn any commissions.

 Additionally, defendant testified he would receive income between $12,000 and

 $15,000 over three payments during a one-time “ramp-up period.” At the time of the

 hearing, defendant had received two of the three payments from the “ramp-up period”

 and the third payment was scheduled to be deposited later that week. Thus, we

 conclude the trial court’s finding of defendant’s income was supported by competent

 evidence and not in error.

¶ 30 Defendant also argues that the trial court’s finding of plaintiff’s income was

 not supported by competent evidence because plaintiff receives additional income

 from a family trust and support from her fiancé and mother. The trial court’s finding

 of fact 48 states, “For the purpose of child support, the Court finds that the Plaintiff

 is earning $4,343.00 per month.” For the purpose of child support actions, income

 includes any “maintenance received from persons other than parties to the instant

 action.” Spicer v. Spicer, 168 N.C. App. 283, 288, 607 S.E.2d 678, 682 (2005). Further,

 the trial court may consider support from third parties but is not required to. See
 JACKSON V. JACKSON

 2021-NCCOA-614

 Opinion of the Court

 Guilford Cnty. ex rel. Easter v. Easter, 344 N.C. 166, 171, 473 S.E.2d 6, 9 (1996). Here,

 a careful review of the evidence in the record and the trial court’s full findings of fact

 indicate that the $4,343.00 per month attributed to plaintiff includes income from her

 family’s trust and support from her fiancé. Thus, we conclude the trial court did not

 err in determining plaintiff’s income.

 VI. Conclusion

¶ 31 For the foregoing reasons we affirm the trial court’s order in part and reverse

 and remand in part for further findings. We affirm the portions of the order in which

 the trial court awarded damages for breach of contract and attorney’s fees to plaintiff.

 We vacate the portions of the order in which the trial court established child support

 at the contractual amount, $1,150.00 per month to plaintiff. We therefore remand the

 case to the trial court for further proceedings consistent with this opinion. The trial

 court may receive additional evidence for consideration on remand as needed to

 address the issues discussed in this opinion.

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

 Judges ZACHARY and COLLINS concur.